### BAROS v. JARMULOWSKY et al.

(Supreme Court, Appellate Term. April 16, 1900.)

1. MASTER AND SERVANT—CONTRACT—DISCHARGE—PENALTY.

Where plaintiff, who was employed by defendant under a five-year contract, which provided that it might be terminated by defendant on the payment of $500 at the end of a year, was discharged before the expiration. of the year, he could not maintain an action to recover the $500 before the expiration of the year.

2. SAME.

Where plaintiff, who was employed by defendant for five years, and the latter had the right to terminate the contract at the end of the first year by paying him $500, was discharged before the end of the year, and brought action to recover the $500, and expressly disclaimed any demand for loss of wages, but the defendant conceded its liability for certain wages, on a reversal of plaintiff's judgment for the $500 sued for he is entitled to judgment on defendant's admitted liability.

Appeal from municipal court, borough of Manhattan, First district.

Action by Samuel Baros against Meyer Jarmulowsky and another for breach of contract of employment. From a judgment in favor of the plaintiff, defendant appeals. Modified on condition, or reversed.

Argued before BEEKMAN, P. J., and GIEGERICH and O'GORMAN, JJ.

Abraham H. Sarasohn, for appellant.
Abraham I. Spiro, for respondent.

O'GORMAN, J. Plaintiff was employed by the defendants on January 3, 1899, under a five-years contract, which contained a provision allowing the defendants to terminate the same at the end of the first year by the payment of $500. On October 8th of the same year the plaintiff was discharged, as he claims, without cause, and immediately brought suit to recover $500 for "breach of contract." Upon the trial the question was litigated as to whether the discharge at that time was justifiable. We are to infer from the finding of the court below that this question was resolved in favor of the plaintiff. It was stipulated, however, upon the record, that the plaintiff made no claim for loss of wages from the date of his discharge to December 21, 1899, the date of the trial, and confined his right to recover to the $500 mentioned in the contract. Under the circumstances, the judgment rendered in favor of the plaintiff for $500 must be reversed; for, even though the defendants discharged the plaintiff before the expiration of the year, they were not required to pay the $500, if at all, until the date mentioned in the agreement. As the defendants, however, conceded, notwithstanding plaintiff's disclaimer on the trial, a liability to the extent of $266.66, covering the period from October 8, 1899, to December 21, 1899, the judgment will be modified by reducing the judgment to $266.66 and costs, and as modified affirmed, without costs to either party, if the plaintiff, within 10 days after the service of a copy of the order and notice of entry, file a stipulation in the office of the clerk of this court, consenting to such modification; and if such stipulation is not filed the judgment will be reversed, with costs to the appellant to abide the event. All concur, BEEKMAN, P. J., in result.